UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Roundstone at Evermoor Condominium Association,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Farmington Casualty Company,<br><br>　　　　Defendant. | Case No. 22-cv-2434 (MJD/DTS)<br><br><br>**ORDER &**<br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

Plaintiff Roundstone at Evermoor Condominium Association (Roundstone) moves to compel appraisal to determine the amount and cause of damage to its property. Dkt. No. 20. Defendant Farmington Casualty Company (Farmington) opposes the motion and has issued subpoenas, arguing it is entitled to pre-appraisal discovery. Roundstone moves to quash the subpoenas. Dkt. No. 29. For the reasons stated below, the Court recommends the motion to compel appraisal be granted, and orders that the motion to quash subpoenas is granted.

## FINDINGS OF FACT

In April 2020, Farmington issued Roundstone an insurance policy providing coverage for losses to property. Dkt. No. 23-1. The policy contains an appraisal provision stating: "If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss." *Id.* at 70. Later that year, Roundstone claimed that, on September 6, 2020, a storm damaged its property. Dkt. No. 1-1 at 5. Farmington inspected the property and determined that the value of the damage

fell below the policy deductible. Dkt. No. 23-5. On November 5, 2021, Roundstone hired a public adjusting firm to assess the damage. Dkt. No. 23-6 at 6. The firm estimated the amount of loss to be $1,238,223.29, which well exceeded the deductible. Dkt. No. 23-7. On June 16, 2022, Roundstone made a written demand for appraisal under the policy. Dkt. No. 1-1 at 8. The parties named their appraisers, but as the two-year deadline to bring suit under the policy was approaching, Roundstone sued Farmington in September 2022. *Id.*

Farmington asserted that Roundstone had not shown the property damage occurred on September 6, 2020. Dkt. No. 23-10. On November 22, 2022, this Court stayed the proceedings pending additional investigation of the claim. Dkt. No. 11. Farmington began investigating the date of loss and the damage claimed, taking an examination under oath of a Roundstone representative. Dkt. No. 23-3. The stay was lifted on July 14, 2023. *See* Dkt. No. 12. On July 17, ten days before the scheduled appraisal date, Farmington cancelled the appraisal, claiming it needed to conduct depositions before proceeding. Dkt. No. 23-13. On July 21, Farmington served subpoenas seeking to depose Roundstone's property manager and a contractor who inspected the property. Dkt. No. 35-2; 35-3. This motion followed.

## CONCLUSIONS OF LAW

### I. Motion to Compel Appraisal

Farmington argues that the motion to compel appraisal should be denied because the parties' dispute involves legal, rather than factual, questions. Specifically, Farmington contends that Roundstone must first prove coverage under the policy, which includes proving "that damage occurred on the claimed date of loss," before the appraisal may

2

proceed. Dkt. No. 31 at 16. Roundstone counters that under *Quade v. Secura Insurance*, 814 N.W.2d 703 (Minn. 2012), appraisal is appropriate even when coverage issues remain. In *Quade*, the insurer found that the claimed storm damage was caused by inadequate maintenance, which was not covered under the insurance policy. *Id.* at 704. That policy, like the one at issue here, provided for appraisal if the parties disagreed on the amount of loss. *Id.* The plaintiffs argued that the appraisal clause did not apply, because the dispute was over coverage, not the amount of loss. *Id.* at 705. The Minnesota Supreme Court held that "a determination of the 'amount of loss' under the appraisal clause necessarily includes a determination of causation." *Id.* at 706-07. Roundstone argues that the same is true here: determining whether a particular storm caused the property damage is an issue for the appraisal panel. Courts in this District have relied on *Quade* to compel appraisal in circumstances similar to those here. *See, e.g.*, *Axis Surplus Ins. Co. v. Condor Corp.*, No. CV 20-789, 2020 WL 7974330 (D. Minn. Oct. 8, 2020) (compelling appraisal when the parties disputed whether damage to buildings was caused by a storm within the covered policy period), *aff'd*, 19 F.4th 1062 (8th Cir. 2021); *Condominiums of Shenandoah Place v. Secura Ins.*, No. 15-cv-165, 2016 WL 614381 (D. Minn. Feb. 16, 2016) (same). Because *Quade* controls, the Court recommends the motion to compel appraisal be granted, and that the appraisal should commence no later than October 16, 2023.

## II.     Farmington Has Not Waived Its Right to Contest the Panel's Determination

At the hearing on this matter, Farmington expanded upon its concern that the appraisal panel will apply res judicata to definitively "determine the date of loss and lock Farmington into that date of loss, with no opportunity for recourse." Dkt. No. 31 at 17.

3

Specifically, Farmington points to a letter sent by its claims adjuster in November 2020 which lists the date of loss as September 6, 2020. Dkt. No. 23-5. Farmington now worries that Roundstone will use the letter to argue Farmington is estopped from contesting the date of loss. For its part, Roundstone represented that it will make no such argument. Even in the absence of such argument, Farmington is concerned that the panel will use the letter to conclusively determine the date of loss.[1] Mindful of this concern, the Court recommends that any order compelling appraisal also include an admonition that the panel consider only the factual evidence relating to the property damage. The letter sent by Farmington's claims adjuster should not be considered as proof of the date of loss, and Farmington has not waived its right to challenge the issue of the date of loss.

### III.   Motion to Quash Subpoenas

Farmington has issued subpoenas seeking to depose a Roundstone representative and a contractor who could provide information about the claimed date of loss. Roundstone has moved to quash the subpoenas, arguing that Farmington is not entitled to discovery before appraisal. Roundstone is correct. *White Bear Yacht Club v. Cincinnati Ins. Co.*, 582 F. Supp. 3d 624, 633 (D. Minn. 2022) (discovery should not be used to delay appraisal once the policy conditions for appraisal are satisfied.) Here, Farmington has used its issuance of the subpoenas to postpone appraisal. Dkt. No. 23-12. Because appraisal should proceed as soon as possible, the Court orders that the subpoenas be quashed. If necessary, the parties may proceed with discovery after appraisal is complete.

---

[1] Because the parties submitted their evidence to the panel before Roundstone knew of the letter, it is not currently among the evidence the panel will consider.

## ORDER

For the reasons set forth above, IT IS HEREBY ORDERED:

1. The motion to quash subpoenas [Dkt. No. 29] is **GRANTED**.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. The motion to compel appraisal [Dkt. No. 20] be **GRANTED**.

Dated: September 14, 2023         ____s/David T. Schultz_____
                                  DAVID T. SCHULTZ
                                  U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).